UNITED STATES of America, Appellee,

v.

William E. LEVINE, Appellant.

No. 82–1604.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1982.
Decided Feb. 22, 1983.

Thomas E. Dittmeier, U.S. Atty., Larry D. Hale, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Robert C. Babione, Acting Federal Public Defender, East St. Louis, Ill., for appellant.

Before BRIGHT and ARNOLD, Circuit Judges, and HUNTER,\* Senior District Judge.

ELMO B. HUNTER, Senior District Judge.

William L. Levine appeals his conviction for theft from the United States Mail, a violation of Title 18, Section 1708, United States Code. Appellant was found guilty

---

\* The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri, sitting by designation.

by a jury in the District Court for the Eastern District of Missouri.[1]

On appeal, Levine argues (1) that the trial court erred in denying his motion to dismiss the indictment on the ground of government misconduct during the grand jury proceedings which deprived him of the exercise of independent discretion by that body; (2) that the district court abused its discretion in not excluding a pre-trial statement made by appellant which was not disclosed to the defendant until shortly before trial; and (3) that the district court erroneously denied appellant's motion regarding the admissibility of prior convictions. For the reasons discussed below, we affirm the rulings of the district court.

### Background

On February 26, 1982, an officer of the American Bank of Rolla discovered a man apparently rifling through the mail in the bank's post office box in the Rolla, Missouri, post office. Upon examining the contents of the box, only third-class mail remained in the box. The bank officer observed the man carrying mail into a white car. Another witness noted the Illinois license number on the car. The license number was traced to appellant and the description of the car from witnesses at the scene matched that of the car registered under that license number. Appellant was subsequently located in Cahokia, Illinois, and questioned regarding the incident.

Early the morning of February 26, prior to the incident described above, post office employees had placed several direct deposit retirement checks in American Bank's post office box. These items of mail were not in the box when the bank officer examined the box. One of those checks was made payable to Kenneth Asher in the amount of $155.00. The check had been mailed from Columbia, Missouri, on February 25, 1982, and has never been delivered to the American Bank or to Mr. Asher. Appellant was indicted by a grand jury for the theft of the Asher check from the mail. He plead not guilty and was subsequently found guilty of the charges by a jury.

### Actions Before the Grand Jury

The appellant argues that the district court should have dismissed the indictment against him because of government misconduct during the grand jury proceedings. The abuses alleged are that evidence inadmissible at trial was presented (the postal inspector witness stated that appellant had plead guilty to mail theft and had refused to talk to officers and asked to talk to an attorney), erroneous information was presented (the witness testified that in 1978 appellant had been convicted of mail theft but he had actually plead guilty to possession of mail), and evidence negating guilt was not presented (the grand jury was not informed that appellant had asserted an alibi). The appellant argues that these actions combined to undermine the independence and objectivity of the grand jury.

The disputed grand jury testimony occurred when, after direct testimony, one juror asked the witness, Postal Inspector Gary W. Heil, if the officers had any priors on Mr. Levine, the appellant. The witness replied that Levine had been arrested twice before for mail theft. When asked if there were prior convictions, the witness stated Levine had plead guilty to mail theft in 1978. The appellant argues that information concerning prior convictions should not have been presented to the grand jury and that this information given was false in that he had plead guilty to possession of mail matter that year, instead of mail theft. The government asserts that it was not improper to present prior conviction information and that the error made in the testimony was minor, especially in light of the fact that Levine did have two prior convictions for mail theft.

When one of the grand jurors asked Inspector Heil what Levine had to say about the incident, the inspector answered that

---

**1.** The Honorable Clyde S. Cahill, Jr., United States District Judge for the Eastern District of    Missouri.

Levine had declined to talk and wanted an attorney present. Appellant argues that it was improper to tell the grand jury that he had refused to talk and that the statement was an error because Levine had asserted an alibi. The government states that this witness, who had not been involved in the initial questioning when Levine raised the alibi, was not aware of the asserted alibi and his failure to inform the grand jury of the asserted alibi was not an attempt to conceal this information but merely a mistake. Even if they had known of the appellant's asserted defense, the government argues that it is not obligated to present exculpatory evidence to the grand jury.

The appellee correctly asserts that the rules of evidence, which limit, *inter alia*, the use of prior convictions and the information that an accused refused to talk to officers, are not applicable to federal grand jury proceedings. Rule 1101(d)(2), Fed.R. Evid. *United States v. Calandra*, 414 U.S. 338, 343, 94 S.Ct. 613, 617, 38 L.Ed.2d 561 (1974) ("[The grand jury's] operation generally is unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials."). The grand jury can act solely on testimony which in trial would be incompetent evidence, *e.g.*, hearsay evidence. *United States v. Costello*, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956); *United States v. Neff*, 525 F.2d 361 (8th Cir.1975); *United States v. Powers*, 482 F.2d 941 (8th Cir.1973), *cert. denied*, 415 U.S. 23, 94 S.Ct. 1426, 38 L.Ed.2d 479 (1974). Even the exclusionary rule for evidence obtained through unlawful search and seizure is not applicable to grand jury proceedings. *United States v. Calandra*, 414 U.S. 338, 354, 94 S.Ct. 613, 622, 38 L.Ed.2d 561 (1974); *Travestad v. United States*, 418 F.2d 1043, 1048 (8th Cir. 1969), *cert. denied*, 397 U.S. 935, 90 S.Ct. 944, 25 L.Ed.2d 116 (1970); *West v. United States*, 359 F.2d 50, 59 (8th Cir.), *cert. denied*, 385 U.S. 867, 87 S.Ct. 131, 17 L.Ed.2d 95 (1966).

In the spirit of the Supreme Court decisions and our prior decisions, we find no misconduct in informing the grand jury of prior convictions or of the appellants refusal to talk to law enforcement officers, especially when the information was given in response to questions by jurors. See also, *United States v. Camproeale*, 515 F.2d 184, 189 (2nd Cir.1975) (Grand jury's knowledge of defendant's prior criminal record does not preclude its filing of an indictment.)

We have earlier stated that "absent some evidence of gross purposeful deception by the prosecutor, an indictment legally valid on its face will not be overturned because it is possible that some of the evidence presented to the grand jury may have permitted an erroneous adverse inference . . . ." *United States v. Cady*, 567 F.2d 771, 776 (8th Cir.1977), *cert. denied*, 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541 (1978). Appellant has not claimed that the indictment before us is invalid on its face.

Two statements made by Inspector Heil before the grand jury were incorrect, but there is no claim that either the witness or the prosecutor was aware at the time that the information was erroneous.

Many Circuit Courts of Appeals have addressed the question of the effect of perjured testimony on a grand jury indictment. Although these are not precisely on point because appellant is alleging erroneous, or at the most negligent, statements, they are helpful in our analysis of the problem.

The Ninth Circuit Court of Appeals has consistently held that "dismissal of an indictment is only required in extreme situations, as where the prosecutor knowingly presents perjured testimony." *United States v. Tham*, 665 F.2d 855, 863 (9th Cir. 1981), *cert. denied*, 456 U.S. 944, 102 S.Ct. 2010, 72 L.Ed.2d 466 (1982); *United States v. Thompson*, 576 F.2d 784, 786 (9th Cir. 1978); *United States v. Samango*, 607 F.2d 877, 882 (9th Cir.1976); *United States v. Kennedy*, 564 F.2d 1329, 1338 (9th Cir.1977), *cert. denied*, 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541 (1978) ("We believe that the rule . . . [is] that only in a flagrant case, and perhaps only where knowing perjury, relating to a material matter, has been presented to the grand jury should we dismiss an otherwise valid indictment returned

by an apparently unbiased grand jury. To hold otherwise would allow a minitrial as to each presented indictment contrary to the teachings of Mr. Justice Blackmun in *Costello* . . . .") [2]

The First Circuit, although not adopting a precise rule, did require that even perjured testimony must be material in order to justify a dismissal of an indictment on the basis of perjured testimony. *United States v. Flagerty,* 668 F.2d 566, 584 (1st Cir.1981).

The Fifth Circuit has indicated that absent perjury or government misconduct an indictment is not flawed simply because it is based on testimony which later turns out to be questionable, *United States v. Sullivan,* 578 F.2d 121, 124 (5th Cir.1978), and that without perjury, misstatements before the grand jury by a government agent witness which are not material to the offense charged are not sufficient to warrant dismissal of an indictment. *United States v. Cathey,* 591 F.2d 268, 272–73 (5th Cir.1979).

Under the rulings of the Second Circuit, where the government knows that perjured testimony has been given to the grand jury and the testimony was material to grand jury deliberations, the prosecutor should act to correct any possible injustice, but where there is no evidence that the witness actually committed perjury during his grand jury appearance, due process does not require actions on the part of the prosecutor even when subsequent events cast doubt on the credibility of the witness. *United States v. Guilette,* 547 F.2d 743, 752–53 (2nd Cir. 1976), *cert. denied,* 434 U.S. 839, 98 S.Ct. 132, 54 L.Ed.2d 102 (1977).

Finally, the D.C. Circuit held that even if a witness "committed perjury before the Grand Jury, the indictment must be sustained if there was sufficient competent evidence before the Grand Jury." *Coppedge v. United States,* 311 F.2d 128, 131–32 (D.C.Cir.1962).

■ In the case before us, there is no evidence that the witness committed perjury before the grand jury in that perjury requires that a person knowingly make false declarations, that is, make such statements intentionally and voluntarily as distinguished from mistakenly, accidently or inadvertently. *United States v. Lardiere,* 497 F.2d 317, 320 (3rd Cir.1974). We do not believe that misstatements or mistakes alone justify the dismissal of an indictment which is valid on its face. Even if the statements were perjurious, however, they would not require dismissal of the indictment because they are not material to the offense charged. There was sufficient accurate information to support the indictment. "As long as there is some competent evidence to sustain the charge issued by the Grand Jury, an indictment should not be dismissed." *Truchinski v. United States,* 393 F.2d 627, 633 (8th Cir.1968), *cert. denied,* 393 U.S. 831, 89 S.Ct. 104, 21 L.Ed.2d 103 (1968).

Finally, the appellant argues that the grand jury was not told that the appellant had asserted an alibi. Apparently, the appellant told a postal inspector that he had been in Cahokia on the day of the theft and he gave the names of persons who could verify his alibi. When the inspector checked with the persons appellant named, none could specifically remember seeing him that morning. The grand jury was not informed of the appellant's claimed alibi.

■ A prosecutor has no obligation to search for and submit to the grand jury evidence favorable to the defendant's defense or negating its guilt when it is not requested by the grand jury. *United States*

---

**2.** The Ninth Circuit announced a rule that a defendant could not be tried "on an indictment which the government knows is based partially on perjured testimony, when the perjured testimony is material, and when jeopardy has not attached." *United States v. Basurto,* 497 F.2d 781, 785 (9th Cir.1974). The same court later refused to hold an indictment invalid when a witness changed his grand jury testimony in a way harmless to defendant and when defendant's attorney was aware of the change but failed to move to dismiss before trial. *United States v. Bowers,* 534 F.2d 186, 193 (9th Cir.), *cert. denied,* 429 U.S. 942, 97 S.Ct. 360, 50 L.Ed.2d 311 (1976) (Failure of prosecutor to inform court and grand jury that witness later changed his story was harmless error where both versions implicated defendant.)

*v. Ciambrone,* 601 F.2d 616, 622 (2nd Cir. 1979); *United States v. Y. Hata & Co.,* 535 F.2d 508, 512 (9th Cir.), *cert. denied,* 429 U.S. 828, 97 S.Ct. 87, 50 L.Ed.2d 92 (1976); *United States v. Ruyle,* 524 F.2d 1133, 1135–1136 (6th Cir.1975), *cert. denied,* 425 U.S. 934, 96 S.Ct. 1664, 48 L.Ed.2d 175 (1976). The Second Circuit has indicated, however, that "where a prosecutor is aware of any substantial evidence negating guilt he should, in the interests of justice, make it known to the grand jury, at least where it might reasonably be expected to lead the jury not to indict." *United States v. Ciambrone,* 601 F.2d 616, 623 (2nd Cir.1979).

■ In the case before us, it is not clear whether the prosecutor knew at the time of the grand jury proceedings that appellant had asserted an alibi. Even if he had known of the asserted alibi, however, it is highly unlikely that this information would have led the grand jury not to indict in that the persons appellant listed as witnesses could not support his alibi.

■ A motion to dismiss an indictment because of the evidence presented before the grand jury is addressed to the discretion of the trial court and the trial court's decision to deny the motion should not be reversed absent an abuse of that discretion. *Truchinski v. United States,* 393 F.2d 627, 632 (8th Cir.1968), *cert. denied,* 393 U.S. 831, 89 S.Ct. 104, 21 L.Ed.2d 103 (1968); *United States v. Flaherty,* 668 F.2d 566, 583 (1st Cir.1981); *United States v. Tane,* 329 F.2d 848, 853 (2nd Cir.1964).[3] We find no abuse of discretion in the case before us for the following reasons: The prosecutor was not obligated to produce exculpatory information and even if he had produced the information it would not have affected the grand jury's decision to indict; the misstatements by the government witness were not material nor were they perjurious; finally, there was no impropriety in telling the grand jury of the prior convictions or of appellant's refusal to talk to the law en-

forcement officers in that grand juries are not bound by the rules of evidence.

### Request to Exclude Statements Made by Appellant

Appellant next argues that the district court abused its discretion in not excluding the use of a statement made by appellant. This statement had not been disclosed to defense counsel until the Friday afternoon before the trial was scheduled to commence. The statement in question was a comment made by appellant to one of the postal inspectors stating that on the day of the offense he had not loaned his car to anyone or that he had been with his car that day. The prosecutor stated that he informed defendant's counsel of the statement almost immediately upon his discovery of the statement and that he had not learned of the statement until that Friday himself.

Appellant had earlier made a request for discovery of all of his statements. On the morning the trial commenced, appellant moved for sanctions under Rule 16(d)(2), Federal Rules of Criminal Procedure. Appellant did not request a continuance based on the new information, but did request that the court exclude the evidence. Under Rule 16(d)(2):

> If any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing the evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

The district court denied the appellant's motion for the exclusion of the evidence.

■ The question of sanctions, as with other discovery matters, is committed to the sound discretion of the district court. *See, United States v. Davis,* 646 F.2d 1298, 1304 (8th Cir.1981), *cert. denied,* 454 U.S. 868, 102

---

**3.** In a similar situation, we have stated, "The real issue, the substantial issue, is appellant's guilt of the charge made. ·Was the properly admitted evidence sufficient to find him guilty

beyond a reasonable doubt." *Truchinski v. United States,* 393 F.2d 627, 634 (8th Cir.1968), *cert. denied,* 393 U.S. 831, 89 S.Ct. 104, 21 L.Ed.2d 103 (1968).

S.Ct. 333, 70 L.Ed.2d 170 (1981). We find no abuse of discretion by the district court in refusing to exclude the statements made by appellant. From the record, it appears that the prosecutor promptly informed the appellant's attorney when he learned of the evidence. This is all that is required under Rule 16(c), which states, "If, prior to or during trial, a party discovers additional evidence or material previously requested or ordered, which is subject to discovery or inspection under this rule, he shall promptly notify the other party or his attorney or the court of the existence of the additional evidence or material." The defense counsel, although given an opportunity to, did not request even a one-day continuance of the trial due to the new evidence. Counsel had a weekend in which to prepare for the trial after learning of the new evidence.

Even if the prosecutor in some manner did fail to comply with the Rule, failure to comply with Rule 16(a)(1) is not grounds for reversal unless it prejudiced the substantial rights of the appellant. *United States v. Bledsoe,* 674 F.2d 647, 670 (8th Cir.1982).

We find no abuse of discretion in the district court's decision.

### Admissibility of Prior Convictions

The appellant alleges that the district court erred in denying the appellant's pre-trial motion to prevent introduction of the evidence of appellant's prior criminal record. The government indicated it would introduce evidence about appellant's 1978 conviction for possession of stolen mail matter and 1975 conviction for grand larceny as impeachment if the appellant chose to take the stand. The appellant asked the court to make a pre-trial determination on whether this could be introduced.

Under Rule 609(a),

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Rule 609(a), Fed.R.Evid.

After a discussion about the rule, the court denied the appellant's motion.[4] The determination of whether evidence of prior convictions should be admitted for impeachment purposes is within the discretion of the trial court. *United States v. Hall,* 588 F.2d 613, (8th Cir.1978). We find no abuse of that discretion and accordingly find no merit to appellant's claim.

### Conclusion

We find no abuse of discretion by the trial court in denying the appellant's motion to dismiss the indictment, motion to exclude statements by appellant or motion to prevent use of appellant's prior convictions for impeachment. Accordingly, the judgment below is

Affirmed.

---

4. Appellant argued that the district court applied the wrong standard in making his decision in that he believed he had no discretion if the conviction was within the past ten years. Although the record reflects a statement to that effect, a discussion of the rule occurred after that statement, including a discussion of the discretion allowed the court. The court's final statement does reflect that the court considered the probative value and the prejudicial effect as the rules provide. The court stated, "... it seems to me that when you have convictions of this kind that are not convictions of murder or assault or crimes that are so completely different and apart from the actions here that the court ought not intercede and prevent the jury from giving those matters such weight as they think appropriate ...."