**UNITED STATES of America, Appellee,**

v.

**Glenn BROWN, Appellant.**

No. 88–1961.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 18, 1988.
Decided March 28, 1989.

Bradley S. DeDe, Clayton, Mo., for appellant.

Deborah Herzog, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Glenn Brown appeals from the judgment entered by the district court[1] upon a jury verdict finding him guilty of possession with intent to distribute phencyclidine, of conspiring to possess with intent to distribute phencyclidine, and of being a felon in possession of a firearm. We affirm.

I. BACKGROUND

The Federal Bureau of Investigation (FBI) discovered that a package containing a gallon of phencyclidine (PCP), a con-

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

trolled substance, was to be delivered to one Jimmy Jones by Federal Express. An FBI undercover agent made the delivery at the address on the package, which turned out to be Brown's apartment. Brown accepted delivery, signing his name as J. Jones. After the delivery, Brown placed the package in the trunk of his car and drove away, only to be stopped by law enforcement officers. FBI Agent Dunnam searched Brown's car and removed the package of PCP. A search of Brown's apartment disclosed several items, including a Smith & Wesson .357 magnum revolver, an Iver Johnson .32 caliber revolver, and numerous rounds of ammunition in various calibers.

A federal grand jury indicted Brown on the following counts: (1) possession of PCP with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); (2) conspiracy to possess PCP with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846; and (3) felon in possession of a firearm, in violation of 18 U.S.C.App. § 1202(a)(1). The jury found Brown guilty as charged. Brown's post-trial motion for judgment of acquittal and for a new trial was denied.

On appeal, Brown contends that the trial court erred in submitting a certain jury instruction and in denying his motions for a mistrial based upon the introduction of a nondisclosed oral statement and upon testimony regarding Brown's oral statement regarding a prior arrest.

## II. DISCUSSION

### A. *Jury Instruction*

The district court instructed the jurors that they could infer that Brown had the specific intent to distribute PCP if he possessed a large quantity of PCP. Brown argues that possession of a gallon of PCP does not support an inference of an intent to distribute. Brown maintains that two factors, the purity of the compound and its resale value, should have been considered instead. Brown contends that police officer Kelly, one of the government experts who testified about PCP, was unqualified as an expert to testify about these two factors. Brown also argues that the other government expert who testified about PCP, Harold Messler, failed to provide sufficient evidence of the purity of the compound or its resale value to support an inference of intent to distribute. We reject both contentions.

 We note that Brown failed to object to this instruction at the time of trial. Consequently, under Fed.R.Crim.P. 30, Brown has waived his right to challenge the instruction as error. *See United States v. Young*, 702 F.2d 133, 136 (8th Cir.1983). The giving of the instruction did not constitute plain error, for we have recognized that circumstantial evidence, including possession of a large quantity of the controlled substance, may establish intent to distribute. *See United States v. Eng*, 753 F.2d 683, 687 (8th Cir.1985); *United States v. Franklin*, 728 F.2d 994, 998 (8th Cir.1984); *United States v. Koua Thao*, 712 F.2d 369, 371 (8th Cir.1983).

 Moreover, the evidence was sufficient to support the jury's finding that Brown intended to distribute based on the quantity of PCP he possessed. Messler testified that the package confiscated from Brown contained a gallon can (about 3800 milliliters) full of ether and PCP, weighing eight pounds and two ounces. PCP is commonly ingested by smoking cigarettes that have been dipped in the substance and then dried. Ether, a highly evaporative liquid, is often mixed with PCP so that the dipped cigarettes will quickly dry. The entire gallon of liquid was therefore usable. According to Messler, the normal dosage unit would be the amount that would adhere to one cigarette dipped in the liquid. Messler also stated that after he evaporated the ether for safety purposes, the remaining PCP filled one third of the can. We find that this evidence supports the jury's finding of intent to distribute. *See United States v. Sweeney*, 817 F.2d 1323, 1327 (8th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 189, 98 L.Ed.2d 141 (1987) ("jar of PCP in a brown paper bag" sufficient evidence of intent to distribute). *See also United States v. Hooks*, 780 F.2d 1526, 1532 (10th Cir.); *cert. denied*, 475 U.S. 1128, 106 S.Ct.

1657, 90 L.Ed.2d 199 (1986) (22 ounces sufficient evidence).

### B. *Motions for Mistrial*

Brown also argues that the trial court erred in denying his two motions for mistrial based upon two statements made during trial. The first statement occurred when counsel for the government asked officer Kelly on direct examination whether Brown had made any statements when Kelly escorted him back to Brown's residence after the arrest. Kelly testified that he had asked Brown whether anyone was in his apartment, to which Brown replied that no one lived there but his girlfriend, his kids, and himself. Brown's counsel offered no objection to this testimony.

On cross-examination, Brown's counsel asked Kelly whether he had told the prosecutor about Brown's statement. Kelly testified that he had. Brown's counsel thereupon moved for a mistrial, arguing that the government had substantially prejudiced Brown by not disclosing this statement pursuant to Fed.R.Crim.P. 16(a)(1)(A), which provides that the government shall disclose to a defendant "the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation * * *." Brown argues on appeal that the nondisclosure of this statement prejudiced his defense because the statement constituted critical evidence in establishing Brown's residence, the fact of which helped to establish his possession of the PCP.

The government argues that the language of Rule 16 requires only that the substance of the oral statement, not a verbatim recital, must be disclosed. The government contends that Dunnam's testimony at the suppression hearing referred to the challenged statement; consequently, the substance of the statement was in fact disclosed. Whether Dunnam actually disclosed Brown's statement during the hearing is unclear, however, for the record does not contain a transcript of the suppression hearing.

Regardless of whether the statement was disclosed before trial, we conclude that its admission did not constitute reversible error. Failure to comply with Rule 16(a)(1)(A) is not grounds for reversal unless the nondisclosure prejudiced the substantial rights of the defendant. *See United States v. Ben M. Hogan Co., Inc.*, 769 F.2d 1293, 1301 (8th Cir.1985), *vacated on other grounds*, 478 U.S. 1016, 106 S.Ct. 3325, 92 L.Ed.2d 732 (1986); *United States v. Levine*, 700 F.2d 1176, 1182 (8th Cir. 1983); *United States v. Bledsoe*, 674 F.2d 647, 670 (8th Cir.), *cert. denied*, 459 U.S. 1040, 103 S.Ct. 456, 74 L.Ed.2d 608 (1982). The statement was not critical to the government's case because other testimony established Brown's residence. Agent Dunnam stated during the government's redirect examination that Brown told him after the arrest that he lived in the apartment. Moreover, the government presented evidence that Brown signed for the delivery at the address in question and had personal papers in the apartment. In the light of this evidence, Brown was not prejudiced by the admission of the undisclosed statement. *See Ben M. Hogan Co., Inc.*, 769 F.2d at 1301 (no prejudice because "not reasonably probable" that nondisclosure changed the result of the trial).

We find to be without merit Brown's contention that reversible error occurred when officer Kelly testified regarding Brown's prior arrest.

The judgment of conviction is affirmed.