5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Leroy L. WOODS, Petitioner-Appellant,
v.
Sam LEWIS, Director, et al., Respondent-Appellee.
 No. 92-16568.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 18, 1993.*
Decided Sept. 8, 1993.
 
 Before: LAY,** HUG, SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Leroy Woods appeals the district court's[1] denial of his petition for writ of habeas corpus brought under 28 U.S.C. Sec. 2254 (1988). We affirm.
 
 
 3
 Woods was convicted in Arizona state court on three counts of sale of marijuana to a minor. On direct appeal, he raised seven grounds for reversal. The conviction and sentences were affirmed. Woods' petition for state post-conviction relief was denied.
 
 
 4
 On March 30, 1988, Woods commenced this habeas action. He alleges that 1) the prosecutor improperly commented on defendant's failure to testify, 2) he was denied the right to confront witness Peare, 3) the prosecutor introduced confusing evidence, 4) the indictment was based on perjured grand jury testimony, 5) the prosecutor failed to disclose exculpatory material, and 6) he was deprived of effective assistance of counsel.[2] After consideration of each of these claims, the district court denied the writ.
 
 
 5
 Woods first claims that comments made by the prosecutor at closing argument denied him his Fifth Amendment right to remain silent. There is no Fifth Amendment violation where the prosecutor merely states that the evidence is unrefuted and uncontradicted. United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991); United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir.1988). Our review of the record indicates that the prosecutor commented only on the failure of the defense to counter specific evidence. Nowhere in the record did the prosecutor comment, directly or indirectly, on the defendant's failure to testify.
 
 
 6
 Woods next argues he was denied his right to confrontation because the court excused witness Brian Peare at the conclusion of his testimony. As the district court noted, the defendant had the opportunity to cross examine Mr. Peare. Moreover, the trial court agreed that Brian Peare was subject to recall. The trial court agreed to "sign whatever orders [were] necessary" to provide for payment to bring Mr. Peare back for further testimony. However, there is no evidence in the record that counsel attempted to recall the witness for further examination.
 
 
 7
 Woods' third claim is that the prosecutor introduced confusing evidence. Defendant argues that because he was tried on four counts, the jury could not determine what evidence applied to each count and thus his due process rights were violated. Our review of the record indicates that defendant was not deprived of due process and thus has failed to present a cognizable habeas corpus claim.
 
 
 8
 Fourth, Woods argues that the state used false testimony to secure the indictment against him. He contends that Detective Davis falsely testified before the grand jury that "they chased him" when a chase never occurred. "Dismissal of an indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict' or if there is a 'grave doubt' that the decision to indict was free from the substantial influence of such violations." Bank of Nova Scotia v. United States, 487 U.S. 250 (1988) (quoting United States v. Mechanick, 475 U.S. 66, 78 (1986) (O'Connor, J., concurring). A defendant is not entitled to relief where the alleged perjurious testimony is not demonstrably material to the outcome of the proceeding. United States v. Levine, 700 F.2d 1176, 1180 (8th Cir.1983). Woods has failed to show that perjury actually occurred, or if it had occurred, that it was material to the decision to indict.
 
 
 9
 In his fifth claim, Woods asserts that the prosecutor failed to disclose an inventory sheet listing the items police seized from his vehicle. He argues that this evidence would have permitted a more effective impeachment of both Brian Peare and Detective Davis and that failure to disclose it was a violation of Brady v. Maryland, 373 U.S. 83 (1963). Failing to disclose evidence favorable to an accused violates a defendant's due process rights if the evidence is material either to the defendant's guilt or to his punishment. Id. at 87. Materiality, in the constitutional sense, requires deciding whether, when evaluated in the context of the entire record, the omitted evidence creates a reasonable doubt that did not otherwise exist. United States v. Agurs, 427 U.S. 97, 110 (1976). A review of the record supports the district court's determination that no Brady violation occurred. Defendant has not demonstrated the materiality of the impeachment testimony. See United States v. Evans, 928 F.2d 858, 863 (9th Cir.1991). It is not reasonably probable that this information would have caused the jury to discredit Peare's testimony to acquit Woods.
 
 
 10
 Woods finally contends that he was deprived of effective assistance of counsel by his attorney's failure to investigate allegations of tampering with defendant's address book, and failure to move to suppress the address book. Woods also contends that had his lawyer fully interviewed witnesses, he would have learned that Peare had other contacts from whom he could have purchased marijuana. To establish ineffective assistance of counsel, Woods must show that counsel's performance, in the circumstances existing at the time, was deficient and that the deficiency resulted in actual prejudice to him. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Deficient performance requires a demonstration that counsel's representation fell below an objective standard of reasonableness. Id.
 
 
 11
 Woods fails to show how his counsel's actions meet the standards of ineffective assistance set out in Strickland. Counsel did object to the address book before it was admitted into evidence. Moreover, the evidence concerning the address book was insignificant in comparison to the cumulative evidence against Woods. As to the alleged failure of defense counsel to fully interview Woods' witnesses, this allegation was fully addressed by the court in the presence of defendant and counsel prior to trial. At that time, defendant did not raise the claim that additional witnesses not on the witness list could testify to other possible sources of the marijuana. He argued that additional witnesses be called to testify to his living conditions and financial status. He also suggested that the owner of Peare's building could testify, but offered no explanation of what that testimony would add to his case. Defense counsel at that time stated that all the witnesses Woods requested to be subpoenaed were in fact subpoenaed, and that many of those witnesses, in defense counsel's judgment, would be detrimental to Woods' case. We hold therefore that Woods cannot show with reasonable probability that additional witnesses would have any impact on the jury's decision. Thus, Woods cannot establish ineffective assistance of counsel.
 
 
 12
 On these bases, the judgment of the district court denying defendant's petition for a writ of habeas corpus is affirmed.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Honorable C.A. Muecke, United States District Judge for the District of Arizona
 
 
 [2]
 An interim decision of this Court in No. 88-15738 disposed of an additional allegation concerning search and seizure