# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1229

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Patrick Odell Moore, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 17, 1999
Filed: August 24, 1999

_____

Before MURPHY and MAGILL, Circuit Judges, and REASONER,[*] District Judge.

_____

MAGILL, Circuit Judge.

Patrick Moore was convicted on one count of conspiracy to distribute marijuana and methamphetamine, and one count of managing or controlling a building for the purpose of storing or distributing a controlled substance. Moore appeals both his conviction and his sentence, and we affirm.

_____

[*]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas, sitting by designation.

# I.

Patrick Moore and several other individuals participated in a drug distribution conspiracy which lasted for approximately fourteen months. Moore's role in the conspiracy was twofold: (1) his house served as the storage facility for the drugs, which included marijuana and methamphetamine; and (2) he helped unload the drug shipments once the coconspirators delivered them to his house.

On June 26, 1997, police officers executed a search warrant on Moore's home. In the course of executing the search warrant, police found 274 grams of methamphetamine in the upstairs dining room area and twenty pounds of marijuana in the downstairs basement. In Moore's bedroom, police found a loaded handgun under the pillow, several other handguns and a shotgun, and small amounts of methamphetamine and marijuana.

The government charged Moore with two counts. Count I charged Moore with conspiracy to distribute cocaine, distribute methamphetamine, manufacture marijuana, and distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count II charged him with managing or controlling a building for the unlawful purpose of storing, distributing, or using a controlled substance, in violation of 21 U.S.C. § 856(a)(2). During trial, the court dismissed two parts of count I -- conspiracy to distribute cocaine and conspiracy to manufacture marijuana -- leaving just conspiracy to distribute marijuana and conspiracy to distribute methamphetamine on count I. The jury convicted Moore on both counts.

After trial, Moore filed motions for a judgment of acquittal and for a new trial, both of which the district court denied. The court sentenced Moore to 121 months' imprisonment and five years' supervised release.

**II.**

Moore first challenges his conviction on count I. Count I, as submitted to the jury, alleged a conspiracy to distribute marijuana and methamphetamine. The jury instructions, however, were presented in the disjunctive, stating that in order to find Moore guilty on count I, the jury had to find that he conspired to distribute marijuana <u>or</u> methamphetamine. Moore argues that (1) count I was duplicitous because conspiracy to distribute marijuana and conspiracy to distribute methamphetamine are two different offenses, and (2) the district court constructively amended the indictment by striking parts of count I and instructing the jury in the disjunctive on the remaining parts of count I.

We do not agree with Moore that count I was duplicitous. "'Duplicity' is the joining in a single count of two or more distinct and separate offenses." <u>United States v. Street</u>, 66 F.3d 969, 974 (8th Cir. 1995) (quotation marks omitted). The risk behind a duplicitous charge is that a jury may convict the defendant without unanimous agreement on a particular offense. <u>See</u> <u>id.</u> Duplicity concerns are not present, however, when the underlying statute is one which merely enumerates one or more ways of committing a single offense. <u>See</u> <u>id.</u> In that case, all of the different ways of committing that same offense may be alleged in the conjunctive in one count, and proof of any one of the enumerated methods will sustain a conviction. <u>See</u> <u>id.</u>; <u>see also</u> <u>United States v. Lueth</u>, 807 F.2d 719, 733 (8th Cir. 1986). Here, count I charged Moore with committing one offense, conspiracy to distribute a controlled substance, in two ways, with marijuana and methamphetamine. Enumerating the controlled substances did not render count I duplicitous. <u>See</u> <u>id.</u> at 734.

We likewise reject Moore's argument that the district court constructively amended the indictment. A constructive amendment of an indictment occurs when a jury is allowed to convict a defendant of an offense different from or in addition to the offense alleged in the indictment. <u>See</u> <u>United States v. Begnaud</u>, 783 F.2d 144, 147

-3-

(8th Cir. 1986); Lueth, 807 F.2d at 733-34. In Lueth, a case similar to the present one, the defendant was charged in the conjunctive with conspiracy to distribute marijuana and cocaine. The trial judge, however, instructed the jury in the disjunctive, instructing them that to find the defendant guilty, they must find a conspiracy to distribute marijuana or cocaine, or both. See id. at 733. We held that this instruction did not permit the jury to convict the defendant of an offense different from that charged in the indictment. See id. at 733-34. The offense charged was conspiracy to distribute a controlled substance, and Lueth could have committed this offense with either marijuana or cocaine. See id. at 734. Moore's argument necessarily fails for the same reasons.

We also conclude that the court's striking parts of count I did not constitute an amendment of the indictment because the court's action did not expand the bases upon which Moore could be convicted, nor did it change the offense. See Begnaud, 783 F.2d at 147. Thus, we find no error in Moore's conviction on count I.

### III.

Moore next contends that the district court should have dismissed count II because the police officer who testified before the grand jury regarding count II, Agent Deist, made false statements to the grand jury. We review the district court's denial of a motion to dismiss an indictment based on evidence presented to the grand jury for an abuse of discretion. See United States v. Levine, 700 F.2d 1176, 1181 (8th Cir. 1983).

It is uncontested that Deist made misstatements before the grand jury. He mistakenly testified that Moore and his ex-wife, a coconspirator, were married.[1] He

---

[1]During the relevant time period, Moore and his ex-wife, Marlas Moore, were divorced; however, they lived together in Moore's home.

also mistakenly testified that Moore and his ex-wife gave another coconspirator a key to a storage room on their property. However, these statements were made based on Deist's belief at the time, and misstatements or mistakes alone do not justify the dismissal of an otherwise valid charge. See United States v. Johnson, 767 F.2d 1259, 1275 (8th Cir. 1985); Levine, 700 F.2d at 1180. Moreover, in order to have a charge dismissed for an alleged misstatement or even a perjurious statement, Moore must show that the misstatements were material. See id. As long as there is some other competent evidence to sustain the charge, the charge should not be dismissed. See id. Here, it was immaterial whether Moore and his ex-wife were married or not. As for the key given to the coconspirator, there was sufficient other evidence to support the charge against Moore, including his knowledge that drugs were stored in his house and the fact that he personally unloaded the drug shipments at his house. Thus, the district court did not abuse its discretion in denying Moore's motion to dismiss count II.

## IV.

Moore argues that the district court erred in assigning a two-level increase under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. He also argues that the court erred in finding him ineligible for the "safety valve" provision, U.S.S.G. § 5C1.2, because he possessed a firearm in connection with the offense. We review the district court's determination that a weapon was sufficiently connected to the offense under § 2D1.1(b)(1) and § 5C1.2(2) for clear error. See United States v. Coleman, 148 F.3d 897, 904 (8th Cir.), cert. denied, 119 S. Ct. 228 (1998); United States v. Belitz, 141 F.3d 815, 817 (8th Cir. 1998).

Section 2D1.1 of the Sentencing Guidelines provides for a two level increase "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). The government bears the burden of showing by a preponderance of the evidence that a weapon was present and that it is not clearly improbable that the weapon was connected with the offense. See Belitz, 141 F.3d at 817; see also

U.S.S.G. § 2D1.1(b)(1) comment. (n.3). The government can show that a weapon is connected with the offense by establishing a temporal and spatial relation between the weapon, the defendant, and the drugs. See United States v. Payne, 81 F.3d 759, 763 (8th Cir. 1996).

In this case, police found several firearms in Moore's bedroom, including a loaded weapon under Moore's pillow. Police also found a small quantity of drugs in his bedroom, a large quantity of methamphetamine in the next room, and twenty pounds of marijuana in the basement. This constitutes a sufficient temporal and spatial relation between Moore, the weapons, and the drugs. See Belitz, 141 F.3d at 817-18 (upholding § 2D1.1(b)(1) increase where defendant had loaded gun in living room, gun was easily accessible, and drugs were located in basement).

Our conclusion that the increase under § 2D1.1(b)(1) was proper dictates our conclusion that Moore was ineligible for the "safety valve" provision under § 5C1.2(2). See Coleman, 148 F.3d at 903-04 (applying the "clearly improbable" standard of § 2D1.1(b)(1) in evaluating eligibility for "safety valve" decrease under § 5C1.2(2)); see also United States v. Smith, 175 F.3d 1147, 1149 (9th Cir. 1999) ("[E]very circuit to consider the issue has held that conduct which warrants an increase in sentence under § 2D1.1(b)(1) necessarily defeats application of the safety valve."). Thus, the district court did not err in assigning a two-level increase for possessing a weapon and in denying the "safety valve" decrease.

## V.

Moore raises several additional claims related to his conviction and sentence. We have carefully considered each of these claims, and conclude they are without merit. See 8th Cir. R. 47B. Accordingly, we affirm the decision of the district court.

-6-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.