# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1451

_____

United States of America,        *
                                   *
           Appellant,      *   Appeal from the United States
                                    *   District Court for the Western
      v.                        *   District of Missouri.
                                    *
Damian T. Mincey,         *        [UNPUBLISHED]
                                    *
           Appellee.       *

_____

Submitted:  September 10, 2002

Filed:  September 19, 2002

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Damian T. Mincey pleaded guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 846 (2000) and stipulated that he was eligible for a two level guideline enhancement under U. S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2001) due to his possession of a Mossberg twelve gauge shotgun. Before sentencing, Mincey objected to the imposition of the § 2D1.1(b)(1) enhancement, claiming he possessed the firearm for hunting. The Government then notified Mincey that it would present evidence of the firearm's location at sentencing in response to Mincey's objection. Mincey withdrew the objection on the eve of sentencing. At the sentencing hearing, Mincey reinstated his objection, claiming he

used the firearm for hunting. The district court sustained Mincey's objection, and declined to apply the two level enhancement for possession of a dangerous weapon. The government appeals, claiming the district court mistakenly refused to apply the § 2D1.1(b)(1) enhancement. Having reviewed the district court's factual findings for clear error, and application of the guidelines to the facts de novo, we reverse and remand for resentencing. United States v. Vasquez-Rubio, No. 01-3938, 2002 WL 1600507, at *3 (8th Cir. Jul. 22, 2002).

To apply a two level enhancement under § 2D1.1(b)(1), the Government must show by a preponderance of the evidence that Mincey possessed a weapon and that it was not clearly improbable that the weapon was connected with the drug distribution conspiracy. United States v. Moore, 184 F.3d 790, 794 (8th Cir. 1999); U.S.S.G. § 2D1.1, cmt. 3 (2001). To be connected, the Government must establish a relationship in time and space among the weapon, the drugs, and Mincey. Id. Here, the loaded shotgun was found in the front room of Mincey's apartment along with a small quantity of marijuana. Six grams of cocaine base, divided and packaged in plastic bags, was found in the bedroom of Mincey's apartment. In Moore, we concluded a similar arrangement of a firearm and a small quantity of drugs in one room, with a larger quantity of drugs in another room, showed a sufficient relationship between the drugs and the firearm to support the § 2D1.1(b)(1) enhancement. Id. Here, in addition, Mincey admitted he had just arrived from Florida and had traveled for the sole purpose of distributing drugs. Mincey's undisputed possession of the drugs, firearm, and intent to distribute the drugs combined without our earlier holding in Moore require the imposition of the two level enhancement. Vasquez-Rubio, No. 01-3938, 2002 WL 1600507 at *3. Although Mincey objected to the enhancement, claiming the gun was possessed for hunting, he offered no evidence at sentencing to contradict his earlier stipulation that he possessed the shotgun and the drugs, and his purpose for travel was drug distribution. Thus, we conclude the district court's decision not to apply the §

2D1.1(b)(1) enhancement to these facts is mistaken and we remand Mincey's case for resentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.