# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3086

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Dagoberto Figueroa-Cuevas, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 4, 2009
Filed: March 11, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Dagoberto Figueroa-Cuevas appeals the district court's[1] judgment, entered after a jury found him guilty of conspiring to distribute and possess with intent to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 846. The district court enhanced the sentence for possessing a dangerous weapon during commission of the offense, see U.S.S.G. § 2D1.1(b)(1), and sentenced Figueroa-Cuevas to 204 months in prison and 5 years of supervised release. His counsel has moved to withdraw and filed a brief under Anders v.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

California, 386 U.S. 738 (1967), arguing that the conviction was not supported by the evidence because the witnesses had ulterior motives and the evidence was insufficient to impose the firearm enhancement.

We find that the evidence was more than sufficient to find Figueroa-Cuevas guilty of conspiring to distribute more than 500 grams of a methamphetamine mixture. See United States v. Burdine, 515 F.3d 842, 844 (8th Cir. 2008) (this court reviews sufficiency of evidence in light most favorable to government, resolving evidentiary conflicts in government's favor and accepting all reasonable inferences that support jury's verdict); United States v. Cruz, 285 F.3d 692, 700 (8th Cir. 2002) (to prove conspiracy, government must prove existence of agreement to achieve illegal purpose, and defendant's knowledge of agreement and knowing participation in conspiracy). Ten cooperating witnesses testified about buying methamphetamine from or selling it to Figueroa-Cuevas; the witnesses testified about their cooperation agreements, and their credibility was for the jury to determine. See United States v. McKay, 431 F.3d 1085, 1094 (8th Cir. 2006) (evidence more than sufficient to support defendants' participation in drug conspiracy where 6 cooperating witnesses testified about buying drugs from or selling drugs to defendants; impeachment evidence was for jury to consider).

We also find that the district court did not clearly err in imposing the 2-level enhancement for possession of a dangerous weapon. See United States v. Moore, 184 F.3d 790, 794 (8th Cir. 1999) (standard of review). Six witnesses testified about Figueroa-Cuevas carrying and using firearms while he was dealing drugs. See U.S.S.G. § 2D1.1 & comment. (n.3) (2-level increase should be applied if dangerous weapon was present, unless it is clearly improbable that weapon was connected with offense).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no non-frivolous issues for appeal. Accordingly, the judgment

is affirmed.  We also grant counsel's motion to withdraw on the condition that counsel inform Figueroa-Cuevas about the procedures for filing petitions for rehearing and for certiorari.

_____