**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4770**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JOHNNY WILLIAM COOPER, JR., a/k/a Buck,

                    Defendant – Appellant,

          and

RANDY MARTIN; LUTHER BRYAN; ALISIA H. AKBAR; LACARIA BROWN;
GEORGEAN MCCONNELL; GUSSIE D. NOLLKAMPER; FLORENCE
NOLLKAMPER; CHRISTOPHER M. MORRIS; LAVACA COUNTY TEXAS;
JOSEPH E. MCCONNELL; JOHN M. WARTHER; WELLS FARGO HOME
MORTGAGE, INCORPORATED; CHERYL L. AMAKER; DONNA C. ADKINS;
CHASE MANHATTAN MORTGAGE CORPORATION,

                    Parties-in-Interest.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Cameron McGowan Currie, District
Judge.  (3:02-cr-00548-CMC-37)

Submitted:  September 14, 2009        Decided:  November 13, 2009

Before NIEMEYER and DUNCAN, Circuit Judges, and John Preston
BAILEY, Chief United States District Judge for the Northern
District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

S. Harrison Saunders, VI, REEVES AND SAUNDERS, LLC, Columbia, South Carolina, for Appellant.  W. Walter Wilkins, United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny William Cooper, Jr., was convicted by a jury of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and was sentenced to 420 months in prison. Cooper appealed, challenging his conviction and sentence. We affirmed Cooper's conviction and rejected claims relating to his Guidelines range calculation, but because he was sentenced under the then-mandatory Sentencing Guidelines, vacated and remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005). See United States v. Davis, 270 F. App'x 236 (4th Cir. March 17, 2008) (unpublished) ("Davis I").

On remand, the district court imposed a 300-month variant sentence and Cooper timely appealed. Cooper asserts that his variant sentence should be vacated because he argues that enhancing his sentence based on his allegedly legal firearm possession violated his Second Amendment right to bear arms, as recently enunciated in District of Columbia v. Heller, 128 S. Ct. 2783 (2008). Cooper asserts that Heller "dramatically altered the jurisprudence related to an individual's right to bear arms" and, accordingly, a challenge to the firearm enhancement is not foreclosed by the mandate rule. Cooper also asserts that his variant sentence is unreasonable because it is greater than necessary to comply with the 18 U.S.C. § 3553(a)

3

(2006) factors.  Finding no error, we affirm the district court's judgment.

We find that any arguments pertaining to the calculation of Cooper's Guidelines range are barred from this court's consideration under the mandate rule; Cooper either previously raised his objections at his original sentencing and on his first appeal, or could have raised them but did not.  See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal.").

Moreover, "the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (internal citation and quotation marks omitted)).  The law of the case must be applied:

> in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless:  (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or

(3) the prior decision was clearly erroneous and would work manifest injustice.

Id. (internal citation and quotation marks omitted); see Doe v. Chao, 511 F.3d 461, 464-66 (4th Cir. 2007) (discussing mandate rule and its exceptions).

This court's mandate in Davis I rejected Cooper's objections to his Guidelines range calculation and only directed the district court to re-sentence Cooper under a non-mandatory Guidelines regime. See Davis, 270 F. App'x at 248, 256 & n.16. Because Cooper raises no claims that fall within any of the exceptions to the law of the case doctrine, his challenges to his Guidelines range are foreclosed by the mandate rule.

Cooper's assertion that the legal landscape of Second Amendment rights was significantly altered by Heller, thereby excepting his Guidelines range challenge from the mandate rule, is meritless. Admittedly, Heller held that the Second Amendment secures an individual's right to keep handguns in the home for self-protection. Heller, 128 S. Ct. at 2821-22. Heller also emphasized, however, that the opinion should not "cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." Id. at 2816-17. Because the Supreme

5

Court explicitly stated that it identified "these presumptively lawful regulatory measures only as examples" and that its "list [did] not purport to be exhaustive," id. at 2817 n.26, Heller had no effect on the Guidelines' directive to enhance a Guidelines range if a weapon was present during the commission of the crime. See U.S. Guidelines Manual § 2D1.1(b)(1) & cmt. n.3 (2008). Because Heller is not "controlling authority [that] has since made a contrary decision of law applicable to the issue," Cooper's objection to his weapons enhancement is not excepted from the mandate rule.

We affirm the district court's 300-month variant sentence imposed on remand. After Booker, this court reviews a district court's sentence on appeal for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). The court must next consider the substantive reasonableness of the sentence imposed on remand, taking into account the totality of the circumstances. Id. at 161-62.

While the Court presumes that a sentence within a properly calculated Guidelines range is reasonable, see United

6

States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007), it may not presume that a sentence outside the Guidelines range is unreasonable. See United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008) ("[A] sentence that deviates from the Guidelines is reviewed under the same deferential abuse-of-discretion standard as a sentence imposed within the applicable guidelines range."), cert. denied, 129 S. Ct. 1312 (2009). Rather, in reviewing a sentence outside the Guidelines range, the court must "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 128 S. Ct. at 597. Even if this court would have imposed a different sentence, this fact alone will not justify vacatur of the district court's sentence. Id.

Cooper's 300-month variant sentence is reasonable. On remand, the district court heard counsel's argument regarding the weight that should be afforded the § 3553(a) factors, allowed Cooper an opportunity to allocute, allowed Cooper's stepmother to speak on his behalf, and thoroughly considered the § 3553(a) factors before imposing Cooper's sentence. We find that the district court adequately explained its rationale for imposing the variant sentence, that the sentence was "selected pursuant to a reasoned process in accordance with law," and that the reasons relied upon by the district court are plausible and

justify the sentence imposed.  See United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007); see also United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (recognizing that the district court must "place on the record an individualized assessment based on the particular facts of the case before it" and that the "individualized assessment . . . must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review").  Although Cooper argues that "[t]he goal of promoting respect for the law and providing just punishment [would be] served with a sentence of 121 months to 188 months," we afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  Gall, 128 S. Ct. at 597.

Based on the foregoing, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED