# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2595

_____

United States of America,     *
                            *

        Appellee,        *

                              *    Appeal from the United States

      v.                   *    District Court for the District of

                              *    North Dakota.

Michael Wayne Jacobson,    *

                              *    [UNPUBLISHED]

        Appellant.       *

_____

Submitted: December 13, 2010
Filed: January 11, 2011

_____

Before LOKEN, ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Michael Wayne Jacobson entered an open guilty plea to conspiracy to possess with intent to distribute and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm or ammunition by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). He was sentenced to 120 months' imprisonment on each count, to be served concurrently. On appeal, Jacobson contends the district court[1] erred by imposing a two-level

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

enhancement under § 2D1.1(b)(1) of the United States Sentencing Commission Guidelines Manual (U.S.S.G.) for possession of a "dangerous weapon (including a firearm)." Such enhancement in turn disqualified Jacobson for relief from the mandatory 120-month sentence under the safety valve provision of 18 U.S.C. § 3553(f). See U.S.S.G. § 5C1.2(a)(2) (requiring that "the defendant did not . . . possess a firearm or other dangerous weapon . . . in connection with the offense" to qualify for relief under 18 U.S.C. § 3553(f)). After careful review, we affirm the district court's sentence.

Jacobson did not make his constitutional arguments in the district court and therefore forfeited the benefit of full review in this court. Issues raised for the first time on appeal are typically forfeited and reviewed only for plain error. United States v. Winters, 600 F.3d 963, 970 (8th Cir. 2010).

Two problems are noted based upon Jacobson's tardy assertion of his Second Amendment rights. First, he might have very well "affirmatively waived" the error by pleading guilty to possession of a firearm by an unlawful user of a controlled substance under 18 U.S.C. § 922(g)(3). Puckett, 129 S. Ct. at 1429. "We have held repeatedly that [a] valid guilty plea is an admission of guilt that waives all non-jurisdictional defects and defenses." United States v. Frook, 616 F.3d 773, 775 (8th Cir. 2010) (internal quotation marks and citation omitted). If Jacobson made a facial attack on § 922(g)(3), it would be a jurisdictional claim that survives the guilty plea, but it would be foreclosed by our holding in United States v. Seay, 620 F.3d 919, 925 (8th Cir. 2010) (affirming § 922(g)(3) against a facial challenge). Perhaps realizing this problem, Jacobson casts his theory as an "as-applied" challenge to § 922(g)(3), which Seay did not address. But we have previously determined that "[a]s-applied challenges to the constitutionality of a statute . . . are not jurisdictional" and are consequently "foreclosed by [a] guilty plea." Id. at 922 n.3. Jacobson's guilty plea to possession of a firearm under § 922(g)(3) was therefore a conscious decision to forego a constitutional challenge to the statute, and the claim is not entitled to even

plain-error review. See United States v. De La Garza, 516 F.3d 1266, 1271 (11th Cir. 2008) (interpreting a guilty plea as a waiver rather than forfeiture and refusing to conduct plain-error review of the appellant's constitutional challenges to the statute); United States v. Galbraith, 200 F.3d 1006, 1010 (7th Cir. 2000) (characterizing entry of a guilty plea as a waiver rather than forfeiture of non-jurisdictional defects not entitled to any review). Thus, Jacobson cannot succeed on his challenge to § 922(g)(3)'s constitutionality.

Second, Jacobson's challenges to the constitutionality of the sentencing enhancement under § 2D1.1(b)(1) and the condition of a safety valve provision in § 5C1.2(a)(2) fare no better. Although they are not waived by virtue of a guilty plea, they fail because Jacobson cannot demonstrate a clear and obvious error in the application of these Guidelines sections to his case. True enough, in District of Columbia v. Heller, the Supreme Court has settled a centuries-old debate about the meaning of the Second Amendment, interpreting it to confer an individual right to keep and bear arms. 128 S. Ct. 2783, 2816 (2008). The Court cautioned, however, that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." Id. at 2816-17. In reliance on this language, lower courts have upheld various sentencing enhancements based on possession of a firearm against a Second Amendment challenge. See, e.g., United States v. Goodlow, No. 08-16250, 2010 WL 2977444, at *5-6 (11th Cir. July 29, 2010) (upholding § 2D1.1(b)(1) enhancement because "[t]here is no support in Heller for the invalidation of the firearm enhancement on the basis of the Second Amendment"); United States v. Riley, No. 08-4775, 2010 WL 21197, at *2 (4th Cir. Jan. 4, 2010) ("Heller had no effect on the Guidelines' directive to enhance a Guidelines range if a weapon was present during the commission of a crime."); United States v. Cooper, No. 08-4770, 2009 WL 3792433, at *2 (4th Cir. Nov. 13, 2009) (same); see also Dowdy v. Cross, No. 10-cv-

624-MJR, 2010 WL 3834007, at *3 (S.D. Ill. Sept. 24, 2010) ("Nothing in <u>Heller</u> . . . suggests that a federal firearm sentencing enhancement – such as that found in § 2D1.1(b)(1) of the Sentencing Guidelines . . . is invalid."); <u>United States v. Bowers</u>, No. 8:05CR294, 2009 WL 962143, at *1 (D. Neb. Apr. 7, 2009) ("In this case, upon weighing all the evidence, the Court found that it was more likely true than not true that Bower possessed a weapon in connection with his crime and therefore it increased the offense level by two. Nothing in <u>Heller</u> changes this result."). To date, no court has struck down either of the two Sentencing Guidelines at issue. Without any – much less controlling – authority to support Jacobson's claim, we cannot conclude the district court committed an error which was "obvious" or "clear under current law." <u>United States v. Pazour</u>, 609 F.3d 950, 953-54 (8th Cir. 2010) ("Under plain error review, it is enough that the Sentencing Guidelines and our prior caselaw do not supply a clear answer, and that [the appellant's] claim of error is at least 'subject to reasonable dispute.'") (quoting <u>Puckett</u>, 129 S. Ct. at 1429). Therefore, Jacobson's sentencing challenges fall short of a plain error.

Accordingly, we affirm the district court's judgment.

_____

-4-