# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1183

_____

United States of America

*Plaintiff - Appellee*

v.

Marcelino Garcia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: November 11, 2014
Filed: November 25, 2014
[Published]

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Marcelino Garcia pled guilty to conspiracy to distribute methamphetamine. The district court[1] imposed a two-level enhancement for possessing a firearm and

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

sentenced him to 138 months' imprisonment. Garcia appeals, challenging the enhancement and the reasonableness of his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Garcia met with a government informant in a shed next to Garcia's home—a two-bedroom, single-wide trailer. Garcia showed the informant some meth, providing a sample. The next day, in another suburb, Garcia tried to sell the informant 11 pounds of meth. Police arrested Garcia. Searching his home, they found: meth and a cutting agent in the shed; three pounds of meth, a scale, and packaging materials in the trailer's bathroom; a small amount of meth in a cabinet under the kitchen sink; and a semi-automatic pistol and a loaded (unattached) magazine in a container of cheese balls in the kitchen pantry. Garcia concedes that the meth in the shed and bathroom "were stored and organized in a manner consistent with narcotics trafficking." But he says the amount of meth in the kitchen is consistent with personal use. Garcia admitted possessing the pistol but said its presence was "pure happenstance," unrelated to drug trafficking.

Garcia pled guilty to conspiracy to distribute 500 grams or more of meth in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The district court applied a two-level enhancement for possessing a firearm under U.S.S.G. § 2D1.1(b)(1). The court noted the amount of drugs involved, the presence of drugs in the home and their proximity to the pistol, and the loaded magazine. The resulting Guideline range was 188 to 235 months. At sentencing, the court acknowledged Garcia's arguments for a below-Guidelines sentence but also weighed the "incredibly serious amount of drugs involved." The court varied downward, imposing a 138-month sentence.

This court reviews de novo the district court's interpretation of the Guidelines and reviews for clear error, its application of the Guidelines to the facts. *United States v. Sigillito*, 759 F.3d 913, 940 (8th Cir. 2014). A two-level enhancement applies "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. §

2D1.1(b)(1). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 Application Note 11(A).

"The enhancement poses a very low bar for the government to hurdle." *United States v. Garcia*, 703 F.3d 471, 476 (8th Cir. 2013), *cert. denied*, 134 S. Ct. 1048 (2014). The government must prove that "the gun was possessed and [] it was not clearly improbable that the weapon was connected to the drug offense." *United States v. Anderson*, 618 F.3d 873, 880 (8th Cir. 2010). Garcia admitted possessing the pistol but challenges its connection to his drug trafficking.

"[T]he government need only prove a temporal and spatial nexus among the weapon, defendant, and drug-trafficking activity." *United States v. Torres*, 409 F.3d 1000, 1003 (8th Cir. 2005). This exists "when the weapon was found in the same location where drugs or drug paraphernalia were located or where part of the conspiracy took place." *Garcia*, 703 F.3d at 477. "[T]he presence of a firearm in a location where it could be used to protect drugs can be sufficient evidence to prove the requisite connection." *United States v. Young*, 689 F.3d 941, 946 (8th Cir. 2012). "The government need not show that the defendant used or even touched a weapon to prove a connection between the weapon and the offense." *United States v. Fladten*, 230 F.3d 1083, 1086 (8th Cir. 2000).

It is not clearly improbable that the pistol was connected to Garcia's drug trafficking. While the district court did not specifically discredit Garcia's claim that the pistol's presence was "pure happenstance," the evidence demonstrates a temporal and spatial nexus among the pistol, Garcia, and his drug trafficking.

As for the temporal nexus, Garcia met the informant the day before police seized the pistol. *See Garcia*, 703 F.3d at 477 (finding temporal nexus where drug sale happened on May 20, 2010, and police seized guns on October 14, 2010). As for

the spatial nexus, the three pounds of meth in the bathroom—stored and organized for trafficking—was near the pistol in the kitchen pantry of the single-wide trailer. *See United States v. Moore*, 184 F.3d 790, 794 (8th Cir. 1999) (the "several firearms in [defendant's] bedroom" were connected to "a large quantity of methamphetamine in the next room"); *United States v. Belitz*, 141 F.3d 815, 817, 818 (8th Cir. 1998) (meth in basement connected to gun in upstairs living room). *See also United States v. Betz*, 82 F.3d 205, 210, 211 (8th Cir. 1996) (guns in home connected to drugs in shed because guns "were found on premises from which [defendant] conducted drug-related activities where they were readily accessible to" defendant); *United States v. Brewer*, 624 F.3d 900, 903, 904, 908 (8th Cir. 2010) (gun in trunk of girlfriend's car, near where defendant tried to sell drugs from another car while on the phone with her). *Cf. United States v. Shields*, 44 F.3d 673, 674-75 (8th Cir. 1995) (reversing enhancement because "no evidence" of weapons' nexus to drug crimes).

This court reviews the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion and imposes an unreasonable sentence when it . . . considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Fronk*, 606 F.3d 452, 454 (8th Cir. 2010). *See* 18 U.S.C. § 3553(a) (sentencing factors). A district court "has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). "[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Black*, 670 F.3d 877, 882 (8th Cir. 2012).

The district court did not abuse its discretion. It reviewed the § 3553(a) factors, emphasizing the "incredibly serious amount of drugs involved." *See Bridges*, 569 F.3d at 379. Garcia's below-Guidelines sentence is not substantive unreasonable. *See Black*, 670 F.3d at 882.

-4-

\* \* \* \* \* \* \*

The judgment is affirmed.

_____