# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1703

_____

United States of America

*Plaintiff - Appellee*

v.

Jesus Valenzuela

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: October 24, 2016
Filed: October 27, 2016
[Unpublished]

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jesus Valenzuela directly appeals after he pleaded guilty to a drug charge, and the district court[1] sentenced him to a within-Guidelines-range prison term. His

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the application of a Guidelines enhancement for possessing firearms. Valenzuela has filed a pro se brief, challenging the same enhancement and the drug quantity used for sentencing purposes, and arguing that the district court should have sua sponte held a suppression hearing and suppressed evidence.

We conclude that the application of the firearm enhancement was not plain error. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (errors not properly preserved are reviewed only for plain error); see also United States v. Garcia, 772 F.3d 1124, 1125 (8th Cir. 2014) (for firearm enhancement, government need only prove temporal and spatial nexus among weapon, defendant, and drug-trafficking activity; such nexus exists when weapon was found in same location where drugs or drug paraphernalia were located). We also conclude that Valenzuela's challenge to the drug quantity used at sentencing is contradicted by his own testimony at the change-of-plea hearing. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity). We further conclude that Valenzuela's suppression arguments assert non-jurisdictional defects or errors that were waived by his valid guilty plea. See United States v. Staples, 435 F.3d 860, 864 (8th Cir. 2006) (by entering valid guilty plea, defendant waives all non-jurisdictional defects or errors).

Finally, we have independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____