# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2611
_____

United States of America

*Plaintiff - Appellee*

v.

Andrew Alan Spiehs

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: April 11, 2023
Filed: September 6, 2023
[Unpublished]

_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Andrew Spiehs pleaded guilty to conspiracy to distribute and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. The district court[1] sentenced him to 210 months' imprisonment,

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

applying a two-level enhancement under United States Sentencing Guidelines (USSG) § 2D1.1(b)(1) (2021) for possession of a dangerous weapon. Spiehs appeals the application of the enhancement and his sentence. We affirm.

## I.

In April 2019, Spiehs was indicted on one count of conspiracy to distribute and possession with intent to distribute 500 grams or more of methamphetamine mixture and 50 grams or more of methamphetamine actual.[2] See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Spiehs pleaded guilty, and the United States Probation Office in its Presentence Investigation Report (PSR) recommended a two-level enhancement because "a dangerous weapon (including a firearm) was possessed." See USSG § 2D1.1(b)(1). The district court applied the enhancement, denied Spiehs's motion for a downward variance, and imposed a sentence of 210 months' imprisonment, to be followed by 5 years of supervised release. Spiehs now appeals.

## II.

## A.

Spiehs challenges the district court's imposition of the dangerous weapon enhancement. "We review interpretation of the Sentencing Guidelines de novo and a district court's application of the Guidelines to the facts for clear error." United States v. Sigillito, 759 F.3d 913, 940 (8th Cir. 2014) (quoting United States v. Rutherford, 599 F.3d 817, 820 (8th Cir. 2010)).

Under Guidelines § 2D1.1(b)(1), a defendant's base offense level for a drug offense increases by two levels if they possessed "a dangerous weapon (including a

---

[2]Spiehs was also indicted on a second count, which was dismissed on the government's motion at sentencing.

firearm).” "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.11(A)). The dangerous weapon enhancement thus "poses a very low bar for the government to hurdle." United States v. Voelz, 66 F.4th 1155, 1158 (8th Cir. 2023) (citation omitted).

The district court determined that the enhancement applied based on the testimony of Spiehs's co-conspirator. At the sentencing hearing, the co-conspirator testified that she provided Spiehs with methamphetamine on multiple occasions. On at least one such occasion, when Spiehs came to her residence to pick up methamphetamine, she saw that Spiehs had a handgun with him in his car. The co-conspirator described the gun as similar to one she owned—the only difference was in color. The district court credited the co-conspirator's testimony, finding that Spiehs possessed a firearm for purposes of the § 2D1.1(b)(1) sentencing enhancement. Although Spiehs testified to the contrary—that he did not possess a firearm during the relevant time period—the district court weighed their testimony, and ultimately found that the co-conspirator "was more credible" than Spiehs. We cannot say that the district court clearly erred in weighing the testimony and applying the enhancement. See United States v. Sample, 213 F.3d 1029, 1034 (8th Cir. 2000) (noting that credibility determinations "are committed squarely to the domain of the sentencing court"); United States v. White, 41 F.4th 1036, 1038 (8th Cir. 2022) ("A credibility determination is virtually unreviewable on appeal and can almost never be a clear error unless there is extrinsic evidence that contradicts the witness's story or the story is so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it." (cleaned up and citation omitted)).

B.

Spiehs also challenges the substantive reasonableness of his sentence, arguing that he was entitled to a sentence below the applicable Guidelines range. We review the substantive reasonableness of sentences under "a deferential abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)

-3-

(citation omitted); see also United States v. Angeles-Moctezuma, 927 F.3d 1033, 1037 (8th Cir. 2019) ("We review the denial of a motion for downward variance by reviewing the sentence for reasonableness, applying a deferential abuse-of-discretion standard.") (citation omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Feemster, 572 F.3d at 461 (quotations and citation omitted).

Spiehs contends that a sentence below the advisory Guidelines range was warranted based on "his health, his attempts at rehabilitation, and his lack of similar [prior] arrests." The district court considered these factors but found them to be "insufficient . . . to conclude that he's entitled to the relief he [seeks]." A district court may "assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant," United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011), and we discern no abuse of discretion in the court's consideration of the 18 U.S.C. § 3553(a) factors here.

III.

The judgment of the district court is affirmed.

_____

-4-