# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3440
_____

United States of America

*Plaintiff - Appellee*

v.

Jermaine Clay

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: November 18, 2024
Filed: December 31, 2024
[Unpublished]
_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.
_____

PER CURIAM.

Jermaine Clay pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him

---

[1]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri.

to 46 months in prison.  He appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Clay claims that 18 U.S.C. § 922(g)(1) is unconstitutional, facially and as applied to him.  The government believes this argument is foreclosed by his plea agreement.  This court need not decide the issue because 18 U.S.C. § 922(g)(1) is constitutional.  *See United States v. Jackson*, 110 F.4th 1120, 1125–26 (8th Cir. 2024) (holding that 18 U.S.C. § 922(g)(1) is constitutional on its face and as applied to "convicted felons" after *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)); *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024) (holding that under *Jackson* "there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant").

Clay alleges the district court erred in failing to dismiss the indictment *sua sponte*.  Because he did not object at sentencing, this court reviews for plain error. Under plain error review, there must be an error, that is plain, that affects substantial rights, and that "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Voelz*, 66 F.4th 1155, 1161 (8th Cir. 2023). The district court did not plainly err in applying then-binding Eighth Circuit precedent holding 18 U.S.C. § 922(g)(1) constitutional.  *See United States v. Jackson*, 69 F.4th 495, 501–02 (8th Cir. 2023) (vacated after Clay's sentencing); *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) (vacated after Clay's sentencing).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____