# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1286
_____

United States of America

*Plaintiff - Appellee*

v.

Jose S. Perez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska

_____

Submitted: October 21, 2024
Filed: March 28, 2025
[Unpublished]

_____

Before LOKEN, SMITH, and GRASZ, Circuit Judges.

_____

PER CURIAM.

A grand jury charged Jose S. Perez with conspiracy to distribute methamphetamine and cocaine, possession with intent to distribute methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime. *See* 21 U.S.C. §§ 841(a)(1), (b)(1), 846; 18 U.S.C. § 924(c)(1)(A). Perez

pled guilty to the conspiracy and drug charges, and the district court[1] granted the government's motion to dismiss the firearm charge. The district court sentenced Perez to two concurrent 168-month sentences followed by five years of supervised release. This sentence was based in part on the district court's application of the United States Sentencing Guidelines Manual (Guidelines) enhancements for maintaining a drug distribution premises and for possessing a firearm in connection with a drug offense. Perez appeals his sentence, arguing the district court erred in applying the two enhancements. We affirm.

"We review the district court's findings of fact for clear error and its application of the guidelines *de novo*." *United States v. Coleman*, 97 F.4th 566, 568 (8th Cir. 2024) (quoting *United States v. Renteria-Saldana*, 755 F.3d 856, 858–59 (8th Cir. 2014)). Perez argues the district court clearly erred in applying an enhancement for maintaining a drug distribution premises under U.S.S.G. § 2D1.1(b)(12) because he neither owned nor rented the drug house. When determining whether a defendant maintained a premises, the court considers "whether the defendant had a possessory interest in the premises and the extent to which the defendant controlled access to, or activities at, the premises." *United States v. Anwar*, 880 F.3d 958, 971 (8th Cir. 2018) (quoting *Renteria-Saldana*, 755 F.3d at 859). *See* U.S.S.G. § 2D1.1 cmt. n.17.

Here, the district court did not err in finding Perez maintained the challenged premises for drug distribution. Perez used the house for storing drugs as evidenced by the multiple pounds of drugs officers seized from it. Perez referred to the house as "the trap," a slang term for a place where drugs are stored, and he treated it like a trap house, telling people to meet him there in order to provide them drugs. Evidence also showed Perez controlled access to the house and frequently visited it. For example, he offered to pay someone to clean it and invited people to it. Further, the district court considered evidence of messages between Perez and his co-defendant

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

"reflecting that drugs were used and distributed at this premises."  All these facts support the district court's finding that Perez maintained a premises for drug distribution.  Though Perez contends he did not own or lease the house, "[h]olding title to the premises is not required" for the enhancement to apply.  *Anwar*, 880 F.3d at 971.

Perez also argues the district court clearly erred in applying a firearm enhancement under U.S.S.G. § 2D1.1(b)(1), claiming it is clearly improbable he possessed a firearm, particularly in light of the government's decision to dismiss the firearm charge after a jury acquitted his co-defendant of the same charge.[2]  We have held the firearm enhancement "applies if the government proves, by a preponderance of the evidence: (1) the gun was possessed, and (2) it was not clearly improbable that the weapon was connected to the drug offense."  *Coleman*, 97 F.4th at 568 (quoting *United States v. Rivera*, 76 F.4th 1085, 1091 (8th Cir. 2023), *cert. denied*, 144 S. Ct. 861 (2024)).  The connection is not clearly improbable when "there was 'a temporal and spatial nexus among the weapon, defendant, and drug-trafficking activity.'"  *United States v. Escobar*, 909 F.3d 228, 240 (8th Cir. 2018) (quoting *United States v. Torres*, 409 F.3d 1000, 1003 (8th Cir. 2005)).  "This exists when the weapon was found in the same location where drugs or drug paraphernalia were located or where part of the conspiracy took place."  *United States v. Voelz*, 66 F.4th 1155, 1158 (8th Cir. 2023) (quoting *United States v. Garcia*, 772 F.3d 1124, 1125 (8th Cir. 2014)).

Here, the district court did not err in applying the firearm enhancement.  First, it was not erroneous to find Perez at least constructively possessed the firearm

---

[2]To determine the sentencing range, the Guidelines permitted the district court to consider all conduct proved by a preponderance of the evidence.  *See* U.S.S.G. §§ 1B1.3, 6A1.3 cmt. (2023).  But Perez cites a recent Guidelines amendment which limits the use of conduct for which a defendant was criminally charged but later acquitted in federal court.  *See* U.S.S.G. § 1B1.3(c) (2024).  Perez was never acquitted of the charged conduct — the charge was dismissed — so we need not address the amendment's application here.

because the firearm was found in the house he maintained "in plain view sitting on top of a debit or credit card issued to" him. Second, it was not clearly improbable to find the requisite nexus when the firearm was found in the house on a shelf just below two pounds of cocaine. The absence of Perez's DNA on the firearm does not alter this conclusion because "[t]he government need not show that the defendant used or even touched a weapon to prove a connection between the weapon and the offense." *Voelz*, 66 F.4th at 1158 (quoting *United States v. Fladten*, 230 F.3d 1083, 1086 (8th Cir. 2000)). Therefore, we conclude the district court did not err in applying the two challenged enhancements when calculating Perez's advisory Guidelines range.[3]

The judgment of the district court is affirmed.

_____

_____

[3]Perez also argues the district court abused its discretion by denying his motion to file objections to the Presentence Investigation Report (PSR) out of time. He argues Federal Rule of Criminal Procedure 32(i)(1)(D) conflicts with Nebraska Criminal Rule 32.1(b)(6) — the local rule requiring renewed objections when a revised PSR is submitted. We need not reach this issue because the district court overruled his PSR objections not only for untimeliness but also "alternatively on the merits," determining the enhancements applied and the objections would have been overruled "even if they had been filed timely."