# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3390
_____

United States of America

*Plaintiff - Appellee*

v.

Tyree Robert Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: October 24, 2025
Filed: November 20, 2025
[Unpublished]

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Tyree Robert Williams pled guilty to one count of distribution of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The district court[1] varied downward, sentencing him to 27 months in prison. He appeals the application of a

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

two-level enhancement under U.S.S.G. §2D1.1(b)(1) for possessing a dangerous weapon in connection with a drug-trafficking offense. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

On September 20, 2023, at about 4:30 pm, Williams sold 100 pills containing fentanyl to someone working with an undercover officer. That same day, about 9:30 pm, officers responded to Williams's apartment after a report of a domestic assault. They were informed that Williams told his girlfriend he was going to shoot her, then took a "long rifle" from their apartment and put it in his car. In the apartment, officers found marijuana, marijuana cartridges, and a marijuana bud. On Williams, they found a large sum of cash from the drug buy earlier that day, a jar of marijuana, and a container with oxycodone. In his car, they found an AR-15 rifle and a Glock 43 handgun.

Williams argues that the district court erred in applying the two-level enhancement under U.S.S.G. §2D1.1(b)(1). This court reviews "the district court's factual finding that a defendant possessed a firearm while committing a drug-trafficking offense for clear error." *United States v. Maxwell*, 61 F.4th 549, 561 (8th Cir. 2023). "Clear error occurs when 'the entire record definitely and firmly establishes that a mistake has been made.'" *United States v. Ready*, 87 F.4th 931, 933 (8th Cir. 2023), *quoting United States v. Anderson*, 618 F.3d 873, 879 (8th Cir. 2010).

Section 2D1.1(b)(1) of the guidelines provides for a two-level enhancement to a drug-trafficking offense if "a dangerous weapon (including a firearm) was possessed." U.S.S.G. §2D1.1(b)(1). "The enhancement poses a very low bar for the government to hurdle." *United States v. Garcia*, 772 F.3d 1124, 1125 (8th Cir. 2014). "The government must simply show that it is not clearly improbable that the weapon was connected to the drug offense." *United States v. Peroceski*, 520 F.3d 886, 889 (8th Cir. 2008). This requires "a preponderance of the evidence that there was 'a temporal and spatial nexus among the weapon, defendant, and drug-trafficking activity.'" *United States v. Escobar*, 909 F.3d 228, 240 (8th Cir. 2018),

*quoting United States v. Torres*, 409 F.3d 1000, 1003 (8th Cir. 2005). "The government need not show that the defendant used or even touched a weapon to prove a connection between the weapon and the offense." *United States v. Fladten*, 230 F.3d 1083, 1086 (8th Cir. 2000).

Here, the district court found:

> But, here, what I have is on the same day the defendant sold drugs, he was found in possession of two firearms, one a handgun and the other an assault rifle. Handguns are very much tools of the drug trade. Assault rifles are too, but handguns are often carried in the drug trade. They are tools of the drug trade. They are tools both to protect the defendant during drug transactions, but also to protect his drugs and his drug proceeds.

> On the very evening he was found in possession of those firearms, about five hours after he sold fentanyl, he had the drug proceeds on his person. Firearms are possessed in the drug trade to protect the drug proceeds, as well as the drugs. And a logical conclusion can be drawn from that that the only reason the defendant had possession of these firearms was because he was a drug trafficker, because he wanted to protect his drug proceeds and his drugs or perhaps himself during a drug transaction.

> It does not require—the law does not require that the defendant actually be armed during the drug transaction; simply that the reason for the possession of the firearm in connection with the drug transaction was—or the reason of the possession of the firearm was because the defendant was involved in drug transactions. And there's enough here for me to reach that conclusion by a preponderance of the evidence.

> The other thing that's lacking here—the defendant has no burden of proof, but what I don't have in this record is any alternative explanation for why he possessed the firearms. Posit how this would be different if the defendant, for example, was a hunter and the firearm he possessed was a hunting shotgun or that he was a competitive pistol shooter and there was evidence that he did that on the side as a hobby. That would suggest there would be a reason not to believe the gun was

-3-

connected to the drug trafficking. Here, I don't have any such explanation for why the defendant possessed a firearm, other than that it was in connection with his drug trafficking.

The district court did not clearly err in making the finding that the two-level enhancement applied. *See United States v. Young*, 689 F.3d 941, 946 (8th Cir. 2012) ("[T]he presence of a firearm in a location where it could be used to protect drugs can be sufficient evidence to prove the requisite connection.").

\* \* \* \* \* \* \* \*

The judgment is affirmed.

_____